## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:                                          Case No.:15-27443-RAM

REBECCA RUSSELL,                                Chapter 7

_____Debtor._____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY
*Hearing requested after the meeting of creditors which is scheduled for November, 4, 2015*

**COMES NOW** The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS Inc., Asset-Backed Certificates Series 2007-BC1 by Ditech Financial LLC f/k/a Green Tree Financial LLC, hereinafter referred to as "Movant", seeking modification of the automatic stay in this case in order to exercise any and all rights Movant may have in the collateral described below, or in the alternative, adequate protection, and for cause would show the Court as follows:

1.      On September 30, 2015, Rebecca Russell (hereinafter referred to as "Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code.

2.      Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334, 11 U.S.C. §362 and all other applicable rules and statues affecting jurisdiction of the Bankruptcy Courts generally.

3.      On January 2, 2013, a foreclosure action was filed in the case styled The Bank of New York Mellon, F/K/A The Bank of New York, Trustee for the Benefit of the Certificateholders CWABS, INC., Asset-Backed Certificates, Series 2007-BC1 v. Rebecca Russell, et. al., Case Number 2013-CA-000198 (Miami-Dade County Circuit Court).

4.      On August 10, 2015, the Circuit Court entered a Final Judgment of Foreclosure. The total amount due on the Final Judgment of Foreclosure is $300,463.21, plus post-judgment interest, fees, and costs. A copy of the Final Judgment of Foreclosure, together with the applicable Power of Attorney, is attached as Exhibit "A".

5.      The Bank of New York Mellon, F/K/A The Bank of New York, Trustee for the Benefit of the Certificateholders CWABS, INC., Asset-Backed Certificates, Series 2007-BC1 holds a lien for the grand total sum specified in the Final Judgment of Foreclosure. The lien was determined to be a superior lien and encumbers the subject property located in Miami-Dade County, Florida and described as:

LOT 32, IN BLOCK 35, OF MEADOW WOOD MANOR SECTION SIX, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 128, AT PAGE 19, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

Property Address: : 25601 SW 133RD COURT, MIAMI, FL   33032

6.      The Debtor has defaulted on the account by failing to make the payments as required. The total amount due on the Final Judgment of Foreclosure is $300,463.21, plus post-judgment interest, fees, and costs but the value of the property is only $110,040.00 according to the Miami-Dade County Property Appraiser report, attached hereto as **"Exhibit B"** and the Debtor has not yet filed "Schedule A" Real Property. Accordingly there is no equity or value to the estate. The Trustee has not abandoned an interest in the property.  The Debtor has not filed "Schedule C" exemptions and the Debtor's intentions are not known as Debtor has not yet filed a Statement of Intention.

7.      Accordingly, Movant requests that the Court grant it relief from the Automatic Stay in this case pursuant to 362(d)(1) of the Bankruptcy Code for cause, namely, the lack of adequate protection to Movant for its interest in the collateral. The value of the collateral is not sufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to Movant.

8.      In support of this Motion for Relief of the stay under 362(d) of the Bankruptcy Code, Movant would show that it would be inequitable to permit Debtor to retain the collateral, that there is no equity in the collateral, and that said collateral is not necessary for an effective reorganization. Additionally, Movant would show that Debtor has failed to timely meet and satisfy the payment requirements.

9.      Movant submits that lack of adequate protection in this case is this appropriate ground for relief which the Movant seeks under 362(d), and that the possible existence of equity over and above the indebtedness, which Movant denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, Movant would show that its indebtedness continues to accrue interest and the Debtor enjoys the benefits of collateral without following the requirements of the Bankruptcy Code.

10.     Secured Creditor has incurred attorneys' fees of $750.00 and costs in the amount of $176.00 as a result of the necessity of filing this Motion. Secured Creditor's attorneys' fees and costs are recoverable as part of the debt pursuant to the loan documents.

11.     Movant is receiving no payments from the Debtor to protect Movant against the erosion of its collateral position and Movant is not otherwise being adequately protected.

12.     If Movant is not permitted to enforce its security interest in the collateral or is not provided with adequate protection, it will suffer irreparable injury, loss and damage.

13.     Movant asserts that sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing any order entered to be effective upon execution since the collateral is easily moved, easily secreted, and easily damaged within the fourteen day period that would otherwise stay recovery of the collateral. In addition, Movant respectfully requests that the Court suspend the Rule in all instances in which there is a consent on the part of the Debtor.

14.     All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to the Debtor.

15.     Movant requests that should the Debtor convert this case to another chapter that relief awarded will survive any conversion made by the Debtor. However, Movant may not enforce any personal liability against the Debtor if Debtor's personal liability is discharged in the bankruptcy case, that the relief awarded will survive any conversation made by the debtor and will not be allowed to include the creditor in the Chapter 13 plan and granting such other relief as the Court may deem just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Movant moves this Court to enter its order granting relief from stay to Movant and that the fourteen day (14) days stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) is waived so that, The Bank of New York Mellon , f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS Inc., Asset-Backed Certificates Series 2007-BC1 by Ditech Financial LLC f/k/a Green Tree Financial LLC, can pursue its *in rem* remedies without further delay and award bankruptcy fees and costs for the prosecution of this motion, that Movant may send communication to the Debtor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, and may enter into such agreement with Debtor without violating any Discharge Order. However, Movant may not enforce any personal liability against Debtor if Debtor's personal liability is discharged in the bankruptcy case, that the relief awarded will survive any conversion made by the debtor will not be allowed to include the creditor in the Chapter 13 plan and granting such other relief as the Court may deem just and proper.

    **DATED** this 8th day of October, 2015

Respectfully submitted,

/S/ Evan S. Singer

_____

EVAN S. SINGER, ESQ.
Florida Bar # 101406
TIMOTHY D. PADGETT, P.A.
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
ess@padgettlaw.net
*Attorney for Creditor*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on

this 8th day of October, 2015:


/S/ Evan S. Singer

_____

EVAN S. SINGER, ESQ.
Florida Bar # 101406
TIMOTHY D. PADGETT, P.A.
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
ess@padgettlaw.net
*Attorney for Creditor*

## <u>SERVICE LIST (CASE NO. 15-27443-RAM)</u>

Debtor
Rebecca Russell
25601 SW 133rd Court
Miami, FL 33032

Trustee
Roberto A. Angueira
6495 SW 24th Street
Miami, FL 33155

US Trustee
Office of the U.S. Trustee
51 S.W. 1st Ave Ste 1204
Miami, FL 33130

CFN: 20150514517 BOOK 29732 PAGE 1980
DATE:08/10/2015 04:18:56 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

THE BANK OF NEW YORK MELLON, F/K/A THE
BANK OF NEW YORK, TRUSTEE FOR THE
BENEFIT OF THE CERTIFICATEHOLDERS
CWABS, INC., ASSET-BACKED CERTIFICATES,
SERIES 2007-BC1,
    Plaintiff,

|  |  |  |
|---|---|---|
|  | CASE NO. | 13-2013-CA-000198 |
| vs. | DIVISION | 09 |

REBECCA M. RUSSELL A/K/A REBECCA RUSSELL A/K/A
REBECCA MOYD RUSSELL , *et al*,
    Defendant(s).

_____

### FINAL JUDGMENT OF FORECLOSURE

(Pursuant to Administrative Order No. 09-09)

1.    THIS ACTION was heard before the Court on the plaintiff's Motion for Summary Final

Judgment on August 10, 2015. On the evidence presented, IT IS ORDERED AND ADJUDGED that

Plaintiff's Motion for Summary Judgment is **GRANTED** all Defendants listed by name: REBECCA M.

RUSSELL A/K/A REBECCA RUSSELL A/K/A REBECCA MOYD RUSSELL; .

2.    **Amounts Due and Owing.** Plaintiff is due:

| | |
|---|---|
| PRINCIPAL DUE ON THE NOTE SECURED BY THE MORTGAGE FORECLOSURED: | $162,429.42 |
| INTEREST ON THE NOTE AND MORTGAGE FROM 8/1/2008 TO 3/8/2013 | 68,232.42 |
| PER DIEM INTEREST AT 8.75% FROM 3/8/2013 TO 8/10/2015 | 35,939.85 |
| TITLE SEARCH EXPENSES | 175.00 |
| TITLE EXAMINATION FEE | 150.00 |
| TAXES FOR THE YEAR(S) OF | 5,231.24 |
|    *11/16/2009  $1,230.67* | |
|    *11/13/2012  $1,224.60* | |
|    *11/10/2010  $1,412.48* | |
|    *11/4/2011  $1,363.49* | |
| INSURANCE PREMIUMS | 18,325.12 |
|    *11/17/2009  $ 4,624.34* | |
|    *11/17/2010  $ 2,609.00* | |
|    *11/14/2011  $ 2,683.11* | |
|    *12103/2007  $ 4,900.59* | |
|    *10/1/2008  $ 3,508.08* | |
| PROPERTY INSPECTIONS | 375.00 |
| TITLE FEES | 325.00 |
| CREDITS | -1,190.84 |
| *Other                           -296.00 | |

(*The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay

1

CFN: 20150514517 BOOK 29732 PAGE 1981

in this matter. Given the amount of the fee requested and the labor expended, the Court
finds that a lodestar analysis is not necessary and that the flat fee is reasonable.)

| | |
|---|---|
| ATTORNEYS' FEES TOTAL | $1,300.00 |
| COURT COSTS: | |
| FILING FEE | 1,951.00 |
| INVESTIGATION/SERVICE OF PROCESS | 220.00 |
| **GRAND TOTAL** | $300,463.21 |

3.    **Interest.** The grand total amount referenced in paragraph 1 shall bear interest from this date

forward at the prevailing legal rate of interest.

4.    **Lien on Property.** Plaintiff, whose address is 225 Town Park Drive, Suite 325,

Kennesaw, GA  30144-3710, holds a lien for the grand total sum superior to all claims or estates of the

defendant(s), on the following described property in Miami Dade County, Florida:

> LOT 32, IN BLOCK 35, OF MEADOW WOOD MANOR SECTION SIX, 
> ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 128,
> AT PAGE 19, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY,
> FLORIDA

Property Address: : 25601 SW 133RD COURT, MIAMI, FL  33032

5.    **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph

2 and all costs accrued subsequent to this Judgment are not paid, the Clerk of the Court shall sell the subject

property at public sale on     **OCT – 1 2015**     , 2015, to the highest bidder for cash, except as

prescribed in paragraph 6, after having first given notice as required by Section 45.031, Florida Statutes,

using the following method: WWW.MIAMIDADE.REALFORECLOSE.COM, the Clerk's website for

on-line auctions at 9:00 am.

6.    **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for

them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the

purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title.

If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs

accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

7.    **Right of Redemption.** On filing of the Certificate of Sale, Defendant(s) right of redemption

as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

8.    **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the

proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second,

2

CFN: 20150514517 BOOK 29732 PAGE 1982

documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

9.     **Right of Possession.** On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any.   Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the "Protecting Tenants at Foreclosure Act of 2009."

10.     The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the hours listed were reasonably expended by Plaintiff's counsel and that the hourly rate indicated is appropriate.   PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v.Rowe, 472 So.2d 1145 (Fla. 1985).

11.     NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA. ST. (2006):

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF.  YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.  PLEASE CHECK WITH THE CLERK OF THE COURT, MIAMI-DADE COUNTY, 73 W. Flagler St., Room 135, Miami, FL 33130, PHONE: 305-1,   WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

3

CFN: 20150514517 BOOK 29732 PAGE 1983

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.  IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT Florida Immigrant  Advocacy Center - Miami Office (305)573-1106, Guardianship Program for Dade County - Florida (305)592-7642, Legal Aid Society of Dade County Bar Association -  (305)579-5733, Legal Services of Greater Miami, Inc - Caribbean Boulevard Office (305)232-9680, Legal Services of Greater Miami, Inc - Main Office (305)576-0080,  TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES.  IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS.  IF YOU CHOOSE TO CONTACT Florida Immigrant  Advocacy Center - Miami Office (305)573-1106, Guardianship Program for Dade County - Florida (305)592-7642, Legal Aid Society of Dade County Bar Association - (305)579-5733, Legal Services of Greater Miami, Inc - Caribbean Boulevard Office (305)232-9680, Legal Services of Greater Miami, Inc - Main Office (305)576-0080,  FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12.    Jurisdiction of this action is retained to enter further orders that are necessary or proper including, but not limited to re-foreclosure against any subordinate  interest omitted from these proceedings, determining the amounts owed to any condominium or homeowners association, issuance of a writ of possession and the entry of a deficiency judgment, when and if such deficiency is sought if the parties liable under the note have not been discharged in bankruptcy (however no deficiency may be sought if the parties liable under the note were subject to an order allowing Plaintiff or its predecessors-in-interest  only in rem relief from the bankruptcy automatic stay)

4

CFN: 20150514517 BOOK 29732 PAGE 1984

## COUNT II – RE-ESTABLISHMENT OF NOTE

13.    The Court finds that the Plaintiff has reestablished the terms of the lost note and its right

to enforce the instrument as required by Section 673.3091, Florida Statutes. Plaintiff shall hold the

Defendant maker of the note harmless and shall indemnify them from any loss they may incur by reason of

a claim by any other person to enforce the lost note. Since adequate protection is provided as required by

Section 673.3091, Florida Statutes, judgment is hereby entered in favor of the Plaintiff as to its request to

enforce the lost note.

DONE AND ORDERED at MIAMI-DADE County, Florida, on this _____ day of

_____, 20 _____.

Circuit Judge
13-2013-CA-000198

**JUDGE JERALD BAGLEY**

Copies furnished to <u>all</u> parties:
Lindsay Cohen, Esquire
Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018
All parties on the attached Service List

Form revision 7/1/06
F10111382, Case No. 13-2013-CA-000198

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER _____
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.
                    Judge's Initials _____

CFN: 20150514517 BOOK 29732 PAGE 1985

**Service List**

REBECCA M. RUSSELL A/K/A REBECCA RUSSELL A/K/A REBECCA MOYD RUSSELL
25601 SW 133RD COURT
MIAMI, FL  33032

RONALD R. WOLFE & ASSOCIATES, P.L.
Counsel for Plaintiff
eservice@wolfelawfl.com


Case Number: 13-2013-CA-000198


COPY HAND DELIVERED
TO PLTF'S ATTY
IN LIEU OF MAILING

When Recorded Return To:
Green Tree Servicing LLC
Attn: Document Custody, T326
7360 South Kyrene Rd
Tempe, AZ 85283

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2014-0115131 02/21/14 04:33 PM
PAPER RECORDING

0151552-6-6-6
Hoyp

# LIMITED POWER OF ATTORNEY

| TO | GREEN TREE SERVICING LLC |
|---|---|
| FROM | BANK OF NEW YORK MELLON |
| DEAL | BAC ABS SETTLEMENT<br>a.k.a. BNY ABS SETTLEMENT<br>a.k.a. BAC (ABS) or SLS (BNY) |
| TRANSFER DATE | FLOW AGREEMENT<br>First Deal in June 2012 |
| INVESTOR/TRUSTEE | BANK OF NEW YORK MELLON |
| TRUST | Numerous Trusts – See POA for List |
| ISSUE DATE | 02/04/14 |
| EXPIRATION DATE | 02/04/16 |

## EXHIBIT D
## LIMITED POWER OF ATTORNEY

Reference is hereby made to (x) each of the pooling and servicing agreements listed in Schedule 1 attached hereto, by and among The Bank of New York Mellon f/k/a The Bank of New York ("BNY Mellon"), as trustee, Countrywide Home Loans Servicing LP, as master servicer, Countrywide Home Loans, Inc., as seller, one or more additional sellers identified therein, and either of CWALT, Inc. or CWABS, Inc., or CWMBS, Inc., as depositor (each, a "Pooling and Servicing Agreement" and collectively, the "Pooling and Servicing Agreements"), and (y) that certain settlement agreement (the "Settlement Agreement"), dated as of June 28, 2011, by and among BNY Mellon, in its capacity as trustee or indenture trustee of certain mortgage-securitization trusts identified therein, Bank of America Corporation, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing LP) (the "Master Servicer"), Countrywide Financial Corporation and Countrywide Home Loans, Inc. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Pooling and Servicing Agreements or the Settlement Agreement, as the context requires.

BNY Mellon, as Trustee under the Pooling and Servicing Agreements, hereby constitutes and appoints Green Tree Servicing LLC and its authorized officers (collectively, "Green Tree") and each of them, its true and lawful attorneys-in-fact and agents, with full powers of substitution and resubstitution, for and in its name, place and stead, in any and all capacities, for the limited purpose of executing and recording any and all documents necessary to effect (i) a foreclosure of a Mortgage Loan, (ii) the disposition of an REO Property, (iii) an assumption agreement or modification agreement or supplement to the Mortgage Note, Mortgage, or deed of trust, or (iv) a reconveyance, deed of reconveyance or release or satisfaction of mortgage or such instrument releasing the lien of a Mortgage, in each case solely in the performance of Green Tree's duties and obligations in respect of Mortgage Loans that are then being subserviced by Green Tree pursuant to a subservicing agreement (the "Subservicing Agreement") with the Master Servicer, then in effect in accordance with the terms of the Settlement Agreement. BNY Mellon also grants unto said attorneys-in-fact and agents, and each of them, subject to the foregoing limitations, the full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as might or could be done in person to effect items (i), (ii) and (iii) above, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their substitutes, may lawfully do or cause to be done by virtue hereof; provided that this instrument is to be construed and interpreted as a limited power of attorney and does not empower or authorize the said attorneys-in-fact and agents to do any act or execute any document on behalf of BNY Mellon not specifically described herein.

For the purposes of clarification, but not limitation, BNY Mellon grants unto said attorneys-in-fact and agents, and each of them the full power and authority to (w) demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means of recovery by legal process or otherwise, (x) execute, acknowledge, seal and deliver deeds, deed of trust/mortgage note endorsements, assignments of deed of trust/mortgage and other recorded documents, tax authority notifications and other instruments of sale, conveyance and transfer, full or partial releases and subordinations, each appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits, and supporting documents as may be necessary and proper to effect the execution, delivery, conveyance, recordation or filing of said documents; (y) execute and deliver affidavits of debt, substitutions of trustee, substitutions of counsel, non-military affidavits, notices of rescission, foreclosure deeds, transfer tax affidavits, affidavits of merit, verifications of complaint, notices to quit, bankruptcy declarations for the purpose of filing motions to lift stays and other documents or notice filings on behalf of the Trustee in connection with foreclosure, bankruptcy and eviction actions; and (z) endorse and/or assign any borrower or Mortgagor's check or negotiable instrument received by Green Tree as a payment under a Mortgage Loan.

Nothing in this Limited Power of Attorney shall be deemed to amend or modify the Pooling and Servicing Agreements, the Settlement Agreement, the applicable Subservicing Agreement or the respective rights, duties or obligations of Green Tree thereunder, and nothing herein shall constitute a waiver of any rights or remedies thereunder. Without limiting the generality of the foregoing, this Limited Power of Attorney does not provide, and shall not be read so as to provide, Green Tree with the power to perform or undertake actions which Green Tree is not authorized to take pursuant to the applicable Subservicing Agreement or that the Master Servicer is not authorized to take pursuant to the applicable Pooling and Servicing Agreement. In addition, each attorney-in-fact and agent is only authorized to act pursuant to this Limited Power of Attorney in a manner which complies with all applicable laws, rules and regulations.

Green Tree shall indemnify, defend and hold BNY Mellon and its successors and assigns harmless, from and against any and all losses, costs, expenses (including, without limitation, actual attorneys' fees), damages, liabilities, demands or claims of any kind whatsoever, arising out of, related to or in connection with any misuse of this Limited Power of Attorney in any manner or by any person not expressly authorized hereby. Acceptance of this Limited Power of Attorney by Green Tree, or the taking by Green Tree of any action pursuant to this Limited Power of Attorney, shall be deemed an agreement and acceptance by Green Tree of this indemnity obligation.

The rights, power, and authority of said attorneys-in-fact and agents granted in this Limited Power of Attorney will commence and be in full force and effect on the date of execution and such rights, powers, and authority will remain in full force and effect until the earlier of (x) 11:59 p.m., New York City time, on the date that is 2 year[s] from such date and (y) the date, if any, on which Green Tree is no longer an "Approved Subservicer" under the Settlement Agreement; provided, however, that BNY Mellon may terminate this Limited Power of Attorney prior to such date by delivering a written notice of revocation to Green Tree, with a copy to the Master Servicer.

THE BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK, as Trustee

Witness:_____
Zhou Ye

By:_____
Gavin Tsang
Vice President

Witness:_____
Alexander Puglise

By:_____
Loretta A. Lundberg
Managing Director

STATE OF: <u>New York</u>
COUNTY OF: <u>Kings</u>

On the 4th day of February in the year 2014 before me, the undersigned, personally appeared Loretta A. Lundberg and Gavin Tsang, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

IN WITNESS THEREOF, I have hereunto set my hand and affixed by official seal the day and year in this certificate first above written.

Notary Public

RAFAL BAR
Notary Public, State of New York
No. 01BA6293822
Qualified in Kings County
Commission Expires Dec. 16, 2017

## SCHEDULE 1

### LIST OF POOLING AND SERVICING AGREEMENTS

**CWABS**

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2004-6

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-12

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES,SERIES 2004-13

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-6

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-7

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-9

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-11

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-12

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2005-13

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2005-14

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2005-16

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-17

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB4

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-2

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-3

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-5

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-6

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-8

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-10

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-11

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-19

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-23

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-BC3

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-SPS2

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-BC4

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-BC5

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-2

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-12

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC1

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC2

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC3

# Delaware

*PAGE 1*

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"DITECH MORTGAGE CORP", A CALIFORNIA CORPORATION,

"DT HOLDINGS LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "GREEN TREE SERVICING LLC" UNDER THE NAME OF "GREEN TREE SERVICING LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE THIRTEENTH DAY OF AUGUST, A.D. 2015, AT 1:35 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE THIRTY-FIRST DAY OF AUGUST, A.D. 2015, AT 12:05 O'CLOCK A.M.

Jeffrey W. Bullock, Secretary of State

**AUTHENTICATION:** *2641973*

**DATE:** *08-13-15*

*2458190   8100M*

*151168309*

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:35 PM 08/13/2015*
*FILED 01:35 PM 08/13/2015*
*SRV 151168309 - 2458190 FILE*

# STATE OF DELAWARE
# CERTIFICATE OF MERGER

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act, the undersigned hereby executes the following Certificate of Merger:

**FIRST**: The surviving limited liability company is **Green Tree Servicing LLC**, a Delaware limited liability company, and the corporation and limited liability company being merged into this surviving limited liability company are:

> **DT Holdings LLC**, a Delaware limited liability company, and
> **Ditech Mortgage Corp**, a California corporation.

**SECOND:** The Agreement and Plan of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations and limited liability companies pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act.

**THIRD:** The name of the surviving limited liability company is hereby amended to **Ditech Financial LLC**, a Delaware limited liability company (as such surviving entity, the "Surviving Limited Liability Company").

**FOURTH:** The mergers are to become effective as of 12:05 AM EDT on August 31, 2015.

**FIFTH:** The Agreement and Plan of Merger is on file at 3000 Bayport Drive, Suite 880, Tampa, FL 33607, the principal place of business of the Surviving Limited Liability Company.

**SIXTH:** A copy of the Agreement and Plan of Merger will be furnished by the Surviving Limited Liability Company on request, without cost, to any stockholder or member of the constituent corporations or limited liability companies, as applicable.

[The remainder of page intentionally left blank.]

IN WITNESS WHEREOF, said Surviving Limited Liability Company has caused this certificate to be signed by an authorized officer, the 4th day of August, 2015.

GREEN TREE SERVICING LLC

By: _____
Name: Wanda Lamb-Lindow
Title: Assistant Secretary

# OFFICE OF THE PROPERTY APPRAISER

## Detailed Report

Generated On : 10/2/2015



### Property Information

| Folio: | |
|---|---|
| Property Address: | 25601 SW 133 CT |
| Owner | REBECCA RUSSELL |
| Mailing Address | 25601 SW 133 CT MIAMI , FL 33032-6846 |
| Primary Zone | 0100 SINGLE FAMILY - GENERAL |
| Primary Land Use | 0101 RESIDENTIAL - SINGLE FAMILY : 1 UNIT |
| Beds / Baths / Half | 4 / 2 / 0 |
| Floors | 1 |
| Living Units | 1 |
| Actual Area | 2,778 Sq.Ft |
| Living Area | 2,327 Sq.Ft |
| Adjusted Area | 2,541 Sq.Ft |
| Lot Size | 8,523 Sq.Ft |
| Year Built | 1986 |

### Assessment Information

| Year | 2015 | 2014 | 2013 |
|---|---|---|---|
| Land Value | $16,023 | $16,023 | $16,023 |
| Building Value | $91,729 | $90,567 | $67,312 |
| XF Value | $2,288 | $2,314 | $2,330 |
| Market Value | $110,040 | $108,904 | $85,665 |
| Assessed Value | $87,644 | $86,949 | $85,665 |

### Benefits Information

| Benefit | Type | 2015 | 2014 | 2013 |
|---|---|---|---|---|
| Save Our Homes Cap | Assessment Reduction | $22,396 | $21,955 | |
| Homestead | Exemption | $25,000 | $25,000 | $25,000 |
| Second Homestead | Exemption | $25,000 | $25,000 | $25,000 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

### Taxable Value Information

| | 2015 | 2014 | 2013 |
|---|---|---|---|
| **County** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $37,644 | $36,949 | $35,665 |
| **School Board** | | | |
| Exemption Value | $25,000 | $25,000 | $25,000 |
| Taxable Value | $62,644 | $61,949 | $60,665 |
| **City** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |
| **Regional** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $37,644 | $36,949 | $35,665 |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

Version:



# OFFICE OF THE PROPERTY APPRAISER

Generated On : 10/2/2015

**Property Information**

**Folio** ▮▮▮▮▮▮▮▮▮

**Property Address:**   25601 SW 133 CT

# Roll Year **2015** Land, Building and Extra-Feature Details

| Land Information | | | | | |
|---|---|---|---|---|---|
| Land Use | Muni Zone | PA Zone | Unit Type | Units | Calc Value |
| GENERAL | RU-1 | 0100 | Square Ft. | 7,500.00 | $15,000 |
| GENERAL | RU-1 | 0100 | Square Ft. | 1,023.00 | $1,023 |

| Building Information | | | | | | |
|---|---|---|---|---|---|---|
| Building Number | Sub Area | Year Built | Actual Sq.Ft. | Living Sq.Ft. | Adj Sq.Ft. | Calc Value |
| 1 | 1 | 1986 | 2,218 | 1,767 | 1,981 | $70,014 |
| 1 | 2 | 1993 | 560 | 560 | 560 | $21,715 |

| Extra Features | | | |
|---|---|---|---|
| Description | Year Built | Units | Calc Value |
| Wood Fence | 2011 | 87 | $1,034 |
| Chain-link Fence 4-5 ft high | 1993 | 173 | $1,121 |
| Wall - CBS unreinforced | 1986 | 60 | $133 |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

Version:



# OFFICE OF THE PROPERTY APPRAISER

Generated On : 10/2/2015

**Property Information**

**Folio:** ████████

**Property Address:**   25601 SW 133 CT

# Roll Year **2014** Land, Building and Extra-Feature Details

**Land Information**

| Land Use | Muni Zone | PA Zone | Unit Type | Units | Calc Value |
|----------|-----------|---------|-----------|-------|-----------|
| GENERAL | RU-1 | 0100 | Square Ft. | 7,500.00 | $15,000 |
| GENERAL | RU-1 | 0100 | Square Ft. | 1,023.00 | $1,023 |

**Building Information**

| Building Number | Sub Area | Year Built | Actual Sq.Ft. | Living Sq.Ft. | Adj Sq.Ft. | Calc Value |
|-----------------|----------|------------|---------------|---------------|------------|-----------|
| 1 | 1 | 1986 | 2,218 | 1,767 | 1,981 | $69,147 |
| 1 | 2 | 1993 | 560 | 560 | 560 | $21,420 |

**Extra Features**

| Description | Year Built | Units | Calc Value |
|-------------|------------|-------|-----------|
| Wood Fence | 2011 | 87 | $1,044 |
| Chain-link Fence 4-5 ft high | 1993 | 173 | $1,135 |
| Wall - CBS unreinforced | 1986 | 60 | $135 |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

Version:



# OFFICE OF THE PROPERTY APPRAISER

Generated On : 10/2/2015

**Property Information**

**Folio:** ██████████

**Property Address:**  25601 SW 133 CT

# Roll Year **2013** Land, Building and Extra-Feature Details

| Land Information | | | | | |
|---|---|---|---|---|---|
| Land Use | Muni Zone | PA Zone | Unit Type | Units | Calc Value |
| GENERAL | RU-1 | 0100 | Square Ft. | 7,500.00 | $15,000 |
| GENERAL | RU-1 | 0100 | Square Ft. | 1,023.00 | $1,023 |

| Building Information | | | | | | |
|---|---|---|---|---|---|---|
| Building Number | Sub Area | Year Built | Actual Sq.Ft. | Living Sq.Ft. | Adj Sq.Ft. | Calc Value |
| 1 | 1 | 1986 | 2,218 | 1,767 | 1,981 | $51,407 |
| 1 | 2 | 1993 | 560 | 560 | 560 | $15,905 |

| Extra Features | | | |
|---|---|---|---|
| Description | Year Built | Units | Calc Value |
| Wood Fence | 2011 | 87 | $1,044 |
| Chain-link Fence 4-5 ft high | 1993 | 173 | $1,149 |
| Wall - CBS unreinforced | 1986 | 60 | $137 |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

Version:



# OFFICE OF THE PROPERTY APPRAISER

Generated On : 10/2/2015

**Property Information**

**Folio:** ███████████

**Property Address:**   25601 SW 133 CT

| Full Legal Description |
| --- |
| MEADOW WOOD MANOR SEC 6 |
| PB 128-19 |
| LOT 32 BLK 35 |
| LOT SIZE 8523 SQ FT |
| OR 13037-2993 0986 1 |

| Sales Information | | | |
| --- | --- | --- | --- |
| Previous Sale | Price | OR Book-Page | Qualification Description |
| 09/01/1986 | $77,300 | 13037-2993 | 2008 and prior year sales; Qual by exam of deed |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

Version:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                    Case No.:15-27443-RAM

REBECCA RUSSELL,                                          Chapter 7

_____Debtor._____/

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF

I, _Emily Johnson_, Bankruptcy Representative, hereby state the following:

1.      I am a duly authorized representative of Ditech Financial LLC f/k/a Green Tree Financial LLC. The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS Inc., Asset-Backed Certificates Series 2007-BC1 by Ditech Financial LLC f/k/a Green Tree Financial LLC is hereinafter referred to as "Movant." I hereby make this Affidavit based upon the foregoing capacity.

2.      Movant is authorized to do business in the State of Florida and to sue on its behalf.

3.      I am a Bankruptcy Representative for Movant and in the course of my employment, I have become familiar with the manner and method in which Movant maintains its books and records in its regular course of business. Those books and records are managed by employees and agents whose duty it is to keep the books and records accurately and completely and to record each event or item at or near the time of the event or item so noted.

4.      I have reviewed the books and records which reveal that Movant is the servicer of a lien for the grand total sum specified in the Final Judgment of Foreclosure, attached to the Motion for Relief from Stay filed by The Bank of New York Mellon, F/K/A The Bank of New York, Trustee for the Benefit of the Certificateholders CWABS, INC., Asset-Backed Certificates, Series 2007-BC1. The lien was determined to be a superior lien and encumbers the subject property located in Miami-Dade County, Florida and described as:

> LOT 32, IN BLOCK 35, OF MEADOW WOOD MANOR SECTION SIX, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 128, AT PAGE 19, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

Property Address: : 25601 SW 133RD COURT, MIAMI, FL   33032

5.      The Debtor has defaulted by failing to make the payments as required.

6.      By failing to make regular monthly installment payments due, the Debtor has failed to provide adequate protection.

7.      Movant has had to retain counsel to represent it before this Court and is incurring legal expenses and attorney's fees for which it is entitled to reimbursement under the terms of the Agreement.

The foregoing facts are of my own personal knowledge and belief, and if called upon to appear as witness, I could, and would, testify competently thereto. I declare under penalty of perjury that the foregoing facts are true and correct based on my personal knowledge of the Movant's books and business records.

_Emily Johnson_ , Bankruptcy Representative

**EXECUTED** this ___6th___ day of October, 2015

**STATE OF SOUTH DAKOTA**
**COUNTY OF PENNINGTON**

The foregoing instrument was acknowledged before me by _Emily Johnson_, who is personally known to me or who has produced a driver's license as identification, who did take an oath, and is known to be the person described in and who executed the foregoing instrument, and acknowledged to and before me that he or she executed said document for the purposes therein expressed.

**WITNESS** my hand and official seal, on this ___6___ day of October, 2015



Notary Signature: _Annelie Lenasen_
Printed Name: _Annelie Lenasen_
Notary State: _SD_
Commission Exp: _11-25-20_